UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FREDDIE GLOVER,                              **DECISION AND ORDER**
                                             No. 05-CV-0393(VEB)
                        Petitioner,

       -vs-

JOHN BURGE,

                        Respondent.
_____

**I.     Introduction**

*Pro se* petitioner Freddie Glover ("Glover" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment of conviction entered in Monroe County Court, of New York State Supreme Court, dated July 9, 1996. The parties have consented to the disposition of this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

**II.    Background**

Following a jury trial, Glover, was convicted of five felonies: one count of second degree (felony) murder, and four counts of first degree robbery. Glover, along with Shawn Glover and Eli Lewis, were accused of robbing and killing Shawn Hart, who ran a drug house out of 1009 Joseph Avenue in Rochester on November 28, 1995. William Randle, who happened to be visiting Hart at the time, was robbed. It was alleged that the shooting and robbery occurred during a drug sale. The police found a quantity of marijuana weighing 3.66 pounds in Hart's residence.

Glover, several hours after being arrested, made an oral statement to the police. After

another hour, the police starting typing up a written statement; this process was discontinued, however, when Glover invoked his constitutional rights. Thus, Glover defendant never signed the statement that Investigator Terrance Sheridan had typed. The oral statement and written statement were the subject of a pre-trial suppression hearing and were found to have been voluntarily made. Both the oral statement and unsigned written statement were admitted into evidence at trial. *See* T.733- 37; 820-21.

Because of a *Bruton*[1] issue, separate juries for each defendant were ordered. A dual jury trial was held in June 1996, with one jury for Glover, and one jury for co-defendant Lewis. Both were convicted of the same five counts–felony murder and four counts of robbery in the first degree. The third codefendant, Shawn Glover, was tried separately in July 1996, and was convicted of the same charges. The convictions of both Shawn Glover and Lewis were affirmed on appeal. *People v Shawn Glover*, 266 A.D.2d 862 (App. Div. 4th Dept. 1999); *People v Eli Lewis*, 278 A.D.2d 819 (App. Div. 4th Dept 2000).

The prosecutor successfully had Glover adjudicated as a second felony offender. On the second degree murder charge relating to Hart (Count 1), Glover was sentenced to 25 years to life. The sentence on Count 1 was set to run concurrently with the sentences on robbery Counts 2 and 3 (also relating to Hart). Determinate sentences of 25 years were imposed with regard to each of the four first degree robbery convictions, two of which involved Hart (Counts 2 and 3) and two of which involved Randle (Counts 4 and 5). The sentences for Counts 4 and 5 related to the robbery of Randle were set to run concurrently with each other. The sentences on Counts 1, 2,

---

[1] In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that a defendant may be deprived of his Sixth Amendment Confrontation Clause rights when the government introduces the confession of a non-testifying co-defendant in a joint trial.

and 3 (the Hart convictions), which aggregated 25 years to life, were set to run consecutively to the sentences for Counts 4 and 5 (the Randle convictions), which aggregated 25 years. Thus, Glover's total aggregate sentence was 50 years to life.

On direct appeal, the Appellate Division, Fourth Department, unanimously affirmed Glover's conviction. *People v. Freddie Glover*, 4 A.D.3d 852, 771 N.Y.S.2d 619 (App. Div. 4th Dept. 2004). The New York Court of Appeals denied leave to appeal.

Glover filed a *pro se* motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") §440.10, which was denied by the trial court.

This timely habeas petition followed in which Glover raises the following grounds for relief: (1) the trial court "erred in holding dual trial [sic] rather than severing trials"; (2) "[t]he Defendants [sic] statements that were not signed or read should not have been ammitted [sic] into evidence at trial; (3) the sentences were harsh and excessive; (4) the in-court identification by the victim's girlfriend, Jennifer Sarquist, lacked an independent source; and (5) the "Judges [sic] charge to the jury denied the defendant the full protection of the Statute". *See* Petition at 7-8 (Docket No. 1).

For the reasons that follow, the petition is dismissed.

## III. Discussion

### A. Ground One: The trial court erred in permitting multiple juries.

On direct appeal, appellate counsel argued that the trial court "erred in conducting a dual jury trial" for Glover and Lewis. Appellate counsel cited only New York state cases: *People v Ricardo B.*, 73 N.Y.2d 228 (N.Y. 1989), *People v. Irizarry*, 83 N.Y.2d 557 (N.Y. 1994); *People v. Brockway*, 255 AD2d 988 (App. Div. 4th Dept 1998). In *People v. Ricardo B.*, the New York

Court of Appeals observed that

> The right to trial by jury is guaranteed by both Federal and State Constitutions (U.S. Const. 6th Amend.; N.Y. Const., art I, § 2) and implemented by statute ([N.Y. Crim. Proc. L.] arts. 260, 270). There is nothing in the [state or Federal] Constitutions, the statutes or our decisions interpreting them, however, which expressly authorizes or prohibits the use of multiple juries in New York State. The power to regulate practice and procedure lies principally with the Legislature, not the courts (N.Y. Const., art. VI, § 30).

73 N.Y.2d at 232 (citation omitted); *see also id.* at 234 ("Nor is the procedure inherently prejudicial. The overwhelming body of judicial authority in the Nation holds that the use of multiple juries, whether statutorily authorized or not, does not deny defendants their constitutional right to a jury trial or, in the absence of identified prejudice, to due process of law[.]") (citations omitted).

Glover has failed to cite, either on direct appeal or in support of his habeas petition, any federal authority standing for the proposition that the use of multiple juries is violative of his rights as guaranteed the United States Constitution. It is well-settled that habeas relief is only available to correct errors of federal constitutional magnitude. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 67, 68 (1991). Glover's first argument does not set forth a cognizable claim on which federal habeas corpus relief may be granted. Accordingly, it is denied.

### B. Ground Two: Erroneous admission of petitioner's statements to the police

On direct appeal, the Appellate Division held as follows with regard to Glover's argument concerning the admission of his written statement:

> We reject defendant's further contention that reversal is required based on the admission in evidence of a partial, unsigned, written statement on the redirect examination of a police witness. Although that written statement improperly bolstered the testimony of the police witness with respect to defendant's oral admissions, we conclude that the error is harmless. The evidence of defendant's

> guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error[.]

*People v. Glover*, 4 A.D.3d at 853 (citation omitted).

An error of state evidentiary law is not a sufficient predicate for habeas relief, and the overwhelming weight of federal authority in this Circuit holds that "bolstering" of a prosecution witness' testimony does not state a constitutional claim redressable on federal habeas review. *See Benitez v. Senkowski*, No. 97 Civ. 7819(DLC),1998 WL 668079, at *5 (S.D.N.Y. Sept.17, 1998) (bolstering claim does not state federal claim); *Ayala v. Hernandez*, 712 F. Supp. 1069, 1074 (E.D.N.Y.1989) (police "bolstering" of eyewitness identification testimony held to be, at most, violation of state rule, and thus not could not form basis for constitutional claim); *Kanani v. Phillips*, No. 03 Civ. 2534PKCAJP, 2004 WL 2296128, at *21 (S.D.N.Y. Oct. 13, 2004 (Report & Recommendation) (stating that the rule forbidding "bolstering" is a state law standard, and a claim that a witness' testimony constituted improper bolstering does not state a federal constitutional claim cognizable on habeas corpus) (citations omitted); *Orr v. Schaeffer*, 460 F. Supp. 964, 967 (E.D.N.Y.1978) ( "This Circuit has never regarded the practice [of bolstering] as inimical to trial fairness."); *Diaz v. Greiner*, 110 F. Supp.2d 225, 234 (S.D.N.Y.2000) ("Bolstering claims have been (expressly) held not to be cognizable on federal habeas review.") (citing *Styles v. Zandt*, No. 94 Civ. 1863(MGC), 1995 WL 326445, at *5 (S.D.N.Y. May 31, 1995) (stating that "a claim of improper 'bolstering' is not a cognizable basis of federal habeas relief"); *Vega v. Berry*, No. 90 Civ. 7044(LBS), 1991 WL 73847, at *2 (S.D.N.Y. Apr.29, 1991) ("[A]lthough bolstering is a practice prohibited in various states, including New York, the practice is not forbidden by the Federal Rules of Evidence and is not sufficiently prejudicial to

deprive a defendant of his due process right to a fair trial."); *Malik v. Khoenan*, No. 94 CIV. 8084(LLS), 1996 WL 137478, at *4 (S.D.N.Y. Mar.26, 1996)("a claim of bolstering is not a federal constitutional claim cognizable on habeas review"); *Snow v. Reid*, 619 F. Supp. 579, 582 (S.D.N.Y.1985). Accordingly, Ground Two is denied.

C. **Ground Three: Excessiveness of petitioner's sentence**

As his third ground for relief, Glover states, "[t]he defendant was charges [sic] with felony murder and robbery in the first degree [sic] these charges stemmed from a single transaction and should had [sic] been ran [sic] concurrent by operation of law." Petition at 8 (Docket No. 1). As respondent points out, and as discussed *supra* in Section I, he did not receive consecutive sentences for the felony murder and robbery convictions on the offenses relating to Shawn Hart. Thus, petitioner's assertion about the nature of his sentences is incorrect. On the second degree murder charge relating to Hart (Count 1), Glover was sentenced to 25 years to life. The sentence on Count 1 was set to run concurrently with the sentences on robbery Counts 2 and 3 (also relating to Hart). Determinate sentences of 25 years were imposed with regard to each of the four first degree robbery convictions, two of which involved Hart (Counts 2 and 3) and two of which involved Randle (Counts 4 and 5). The sentences for Counts 4 and 5 related to the robbery of Randle were set to run concurrently with each other. The sentences on Counts 1, 2, and 3 (the Hart convictions), which aggregated 25 years to life, were set to run consecutively to the sentences for Counts 4 and 5 (the Randle convictions), which aggregated 25 years. Thus, Glover's total aggregate sentence was 50 years to life. See Resp't Ex. C, at 3; Transcript dated July 9, 1996, pp.17-18. Petitioner did not receive any sentence on the robberies which was consecutive to the murder. Accordingly his allegations on this point are factually incorrect. Since

-6-

the robberies alleged in Counts 2 and 3 were distinct from those alleged in Counts 4 and 5, there was of course no error in sentencing those sets of counts consecutively to each other, and Glover does not claim otherwise.

It is well settled that a habeas petitioner's challenge to the length of his or her prison term does not present a cognizable constitutional issue if the sentence falls within the statutory range. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."); *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.") (citing *Underwood v. Kelly*, 692 F. Supp. 146 (E.D.N.Y. 1988), *aff'd mem.*, 875 F.2d 857 (2d Cir. 1989)); *accord Ross v. Gavin*, 101 F.3d 687, 1996 WL 346669 (2d Cir. 1996) (unpublished opinion). All of Glover's sentences were within the statutorily-permitted range. He therefore has stated no federal constitutional claim upon which habeas relief may be granted. *See White v Keane*, 969 F.2d at 1383; *Fielding v LeFevre*, 548 F.2d at 1109. This claim is denied.

### D. Ground Four: The in-court identification by the decedent's girlfriend lacked an independent basis and should have been suppressed.

Glover contends that because there was no police-arranged identification procedure involving Sarquist, the decedent's girlfriend who was present at the house during the home invasion and robbery, the trial court should have held a hearing to determine the reliability of Sarquist's in-court identification of petitioner. The trial court denied the defense request for a pre-trialhearing pursuant to *United States v. Wade*, 388 U.S. 218, 228-29 (1967), finding that

there was no police arranged identification of Glover. *See* Resp't Ex. T, p. 105. Petitioner has not challenged the finding of no police-arranged identification and, as respondent points out, he has not offered any basis under New York state or Federal constitutional law supporting his contention that, under those circumstances, a hearing to establish reliability is required. As respondent explains, the record reveals that Sarquist was in petitioner's presence when he was unmasked in her bathroom and after the police arrived, when he pretended to be a guest in the house in order to avoid capture. Trial counsel fully explored the reliability of the witness's identification during his cross-examination of her. Glover did not assert any arguments concerning the allegedly improper identification on direct appeal.

Glover only raised this contention in his C.P.L. § 440.10 motion. The trial court concluded that dismissal of this claim was mandated pursuant to C.P.L. § 440.10(2)(c)[2] because sufficient facts appeared on the record to have permitted direct appellate review, but petitioner unjustifiably failed to assert the claim on appeal. "Federal habeas review of a claim is prohibited if a state court rests its judgment " 'on a state law ground that is independent of the federal question and adequate to support the judgment." ' *Lambrix v. Singletary,* 520 U.S. 518, 522-23 (1997) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A procedural default will "bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal

---

[2] Section 440.10(2) provides that the trial court must deny a motion to vacate a judgment when:(c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.

N.Y. CRIM. PROC. LAW § 440.10(2)(c).

claim will result in a 'fundamental miscarriage of justice.' " *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations and quotations omitted); *accord*, *e.g.*, *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir. 2000); *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994), *cert. denied*, 514 U.S. 1054 (1995). As respondent argues, the trial court's reliance upon C.P.L. § 440.10(2)(c) in the circumstances present here operates to bar federal habeas review of Glover's identification claim under the adequate and independent state ground doctrine. *See Levine v. Commissioner of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir.1995) (trial court's denial of a record-based claim pursuant to C.P.L. § 440.10(2)(c) rested upon adequate and independent state ground and subjected claim to procedural default), *cert. denied*, 520 U.S. 1106, 117 S.Ct. 1112, 137 L.Ed.2d 313 (1997). Because Glover has not shown cause for the procedural default, and prejudice attributable thereto, or that a fundamental miscarriage of justice will occur should this Court decline to review the claim, Glover's fourth ground for relief is dismissed as procedurally defaulted.

E. **Ground Five: Denial of "the full protection of the Statute [sic]" as a result of an erroneous jury instruction"**

Petitioner claims here that "The judges [sic] charge to the jury denied the defendant the full protection of the Statute." However, he does not explain what the purported error was. In support of his C.P.L. § 440 motion, he argued only that "[t]he judges [sic] entire charge was embellished far beyond the plain and simple language of the statute so that, it is highly possible the jury did not know the intent of the statute." Resp't Ex. N, p. 8. The trial court denied this claim, concluding that it was without merit and that it should have been raised on direct appeal pursuant to C.P.L. § 440.10(2)(c). As respondent argues, this claim is procedurally barred due to

the state court's reliance upon an adequate and independent state ground to dismiss it. *Accord*, *e.g.*, *Brooks v. Walker*, Civil No. 9:01-CV-760 (GLS), 2006 WL 1875103, *7 (N.D.N.Y. July 3, 2006) (adopting report and recommendation) (holding that state court's reliance upon C.P.L. § 440.10(2)(c) to deny petitioner's claims that the trial judge's instructions improperly lowered the prosecutions burden of proof and were otherwise erroneous constituted an adequate and independent state procedural ground barring federal habeas review of those claims). As with his procedurally defaulted fourth ground for relief, Glover cannot show cause for the procedural default, and prejudice attributable thereto, or that a fundamental miscarriage of justice will occur should this Court decline to review the claim. Therefore, his claim relating to the allegedly improper jury instruction is dismissed as procedurally defaulted.

An additional basis for denial, I find that Glover's allegations are entirely too vague to set forth a colorable claim upon which relief may be granted.

## IV. Conclusion

For the reasons stated above, Freddie Glover's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Glover has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

/s/ Hon. Victor E. Bianchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED: September 10, 2009
Buffalo, New York.